# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISON HENRY,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF CALAVERAS, et al.,<br><br>Respondents. | Case No. 1:18-cv-00113-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR KELLY STAY AND TO GRANT PETITIONER'S REQUEST TO DISMISS PETITION WITHOUT PREJUDICE<br><br>(ECF No. 14) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On December 17, 2017, Petitioner constructively filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California.[1] (ECF No. 1). On January 23, 2018, the petition was transferred to this Court. (ECF Nos. 5–7). In the petition, Petitioner challenges his 2009 Calaveras County Superior Court convictions for multiple sexual offenses. Petitioner asserts the following claims for relief: (1) Miranda violation; (2) ineffective assistance of counsel; and (3) involuntary guilty plea without being informed of the maximum penalty. (ECF No. 1 at 5–6).[2]

---

[1] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. The petition is dated December 17, 2017. (ECF No. 1 at 8).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1    On January 26, 2018, the undersigned ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies and for being filed outside 28 U.S.C. § 2244(d)'s limitation period. (ECF No. 10). In response, Petitioner filed the instant motion for a <u>Kelly</u> stay and/or to dismiss the petition without prejudice. (ECF No. 14).

**II.**

**DISCUSSION**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

Petitioner does not contest that his claims are unexhausted and moves for a <u>Kelly</u> stay so that he may exhaust his claims in state court. (ECF No. 14). Under <u>Kelly v. Small</u>, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71 (citing <u>Calderon v. United States Dist. Court</u> (<u>Taylor</u>), 134 F.3d 981, 986 (9th Cir. 1998)).

However, the <u>Kelly</u> procedure is only available for mixed petitions that contained both exhausted and unexhausted claims given that the second step requires the Court to stay and hold in abeyance an amended, fully exhausted petition. Here, the petition is completely unexhausted. (ECF No. 1 at 2–6). Accordingly, Petitioner is not entitled to a <u>Kelly</u> stay, and the petition should be dismissed without prejudice for failure to exhaust state court remedies.

///

As set forth in the order to show cause, on the face of the petition it appears that the petition was filed outside 28 U.S.C. § 2244(d)'s one-year limitation period. Petitioner has not addressed this issue. As there is insufficient evidence in the record regarding the timeliness of the petition, the undersigned will not make a recommendation on this issue. However, Petitioner is forewarned that even if he exhausts his claims, a fully exhausted petition may be subject to a possible statute of limitations bar.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's request for a Kelly stay be DENIED; and
2. Petitioner's request to dismiss the petition without prejudice be GRANTED.

This Findings an Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 2, 2018**

UNITED STATES MAGISTRATE JUDGE